1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA LESTED, | CASE NO. 08 CV 1495 JM (WMC) |
| Plaintiff, | **ORDER GRANTING MOTION FOR ATTORNEY'S FEES, PREJUDGMENT INTEREST, AND COSTS** |
| vs. | |
| ALARIS MEDICAL SYSTEMS, INC.; LIFE INSURANCE COMPANY OF NORTH AMERICA; and DOES 1 through 10, inclusive, | Doc. No. 33 |
| Defendants. | |

Plaintiff Debra Lested ("Lested") brought this ERISA action to recover long-term disability benefits pursuant to a group insurance policy issued by Defendant Life Insurance Company of North America ("LINA") to Lested's employer, Defendant Alaris Medical Systems, Inc. ("Alaris"). After a bench trial, the court reversed LINA's decision to deny benefits to Lested. (Doc. No. 31). Lested now moves for an award of attorney's fees, costs, and prejudgment interest pursuant to 29 U.S.C. § 1132(g)(1). (Doc. No. 33). Defendants filed an opposition (Doc. No. 34) and Lested filed a reply. (Doc. No. 35).

The court finds this matter appropriate for disposition without oral argument. *See* CivLR 7.1(d)(1). For the following reasons, the court hereby GRANTS Lested's motion for attorney's fees, prejudgment interest, and costs.

1 **I.      BACKGROUND**

2      After leaving her job as a material handler for Alaris, Lested received disability benefits

3 from LINA.  (Doc. No. 31).  When LINA determined that Lested was no longer disabled and

4 discontinued Lested's benefits, Lested brought this action to reverse LINA's decision.  (*Id.*).

5 Following a bench trial, the court reversed LINA's decision.  (*Id.*).

6      Throughout the litigation, Lested was represented by two attorneys, Charles Fleishman

7 and Paul Fleishman.  (Doc. No. 33, Declarations of Charles Fleishman and Paul Fleishman).

8 Charles Fleishman is an experienced ERISA litigator.  (*Id.*)  Charles Fleishman ostensibly

9 billed 18 hours to this matter, at an hourly rate of $550.  (*Id.*)  Paul Fleishman ostensibly billed

10 105.6 hours to this matter, at an hourly rate of $300.  (*Id.*)  Therefore, Lested requests

11 attorney's fees totaling $41,580.  In addition, Lested seeks to recover the $350 filing fee as

12 costs.  (*Id.*)

13 **II.      LEGAL STANDARD**

14      The award of prejudgment interest, attorney's fees, and costs under ERISA is within

15 the court's discretion.  *Blankenship v. Liberty Life Ins. Co. of Boston*, 486 F.3d 620, 627 (9th

16 Cir. 2007) (citations omitted) (prejudgment interest); *Nelson v. EG&G Energy Measurements*

17 *Group, Inc.*, 37 F.3d 1384, 1392 (9th Cir. 1994) (attorney's fees); *Landwehr v. DuPree*, 72

18 F.3d 726739 (9th Cir. 1995) (costs).

19 **III.      DISCUSSION**

20      **A.      Attorney's Fees**

21      Under ERISA, a court may award a reasonable attorney's fee.  29 U.S.C. § 1332(g)(1).

22 "As a general rule, ERISA employee plaintiffs should be entitled to a reasonable attorney's fee

23 'if they succeed on any significant issue in litigation which achieves some of the benefit the

24 parties sought in bringing suit.'" *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th

25 Cir. 1984) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  Lested prevailed in her

26 suit for disability benefits, therefore she is entitled to a reasonable attorney's fee.

27      To determine a reasonable attorney's fee in an ERISA case, the court applies the hybrid

28 lodestar/multiplier approach.  *Van Gerwen v. Guarantee Mutual Life Co.*, 214 F.3d 1041, 1045

(9th Cir. 2000).  First, the court determines the lodestar amount by "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate."  *Id.*  Second, the court may adjust the lodestar amount using a multiplier based on factors not subsumed within the lodestar calculation.  *Id.*  The multiplier, however, is only proper in exceptional cases where the lodestar amount is unreasonable.  *Id.*

A review of the attorneys' billing records demonstrates that the hours expended by Lested's attorneys are reasonable.  Appropriately for an experienced supervising attorney, Charles Fleishman billed only 18 hours to this matter, focusing his efforts on reviewing the major aspects of the case and attending the early neutral evaluation conference.  Paul Fleishman also focused his time on appropriate tasks such as reviewing the administrative record, drafting briefs, and attending the bench trial.  There is no indication that either attorney spent unreasonable amounts of time in representing Lested.

Likewise, the court finds that the attorney's fees requested by Charles Fleishman and Paul Fleishman are reasonable.  In determining an appropriate hourly rate, the court does not make reference to the actual rates charged to the prevailing party, rather "billing rates 'should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity.'"  *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Davis v. City and County of San Francisco*, 976 F.2d 1536, 1545 (9th Cir. 1992)).  The requested rates are comparable to such fees.  *Cf. Neathery v. Chevron*, No. 05cv1883 JM (CAB) (S.D. Cal. Nov. 2, 2009).

Finally, the court determines that this is not one of those exceptional cases in which the lodestar amount is not reasonable.  *See Van Gerwen*, 214 F.3d at 1045.  Therefore, the court awards Lested attorney's fees in the lodestar amount of $41,580.

**B.    Prejudgment Interest**

"A district court may award prejudgment interest on an award of ERISA benefits at its discretion."  *Blankenship v. Liberty Life Ins. Co. of Boston*, 486 F.3d 620, 627 (9th Cir. 2007) (citations omitted).  The court should exercise its discretion as guided by fairness and a

balancing of the equities.  *Landwehr v. DuPree*, 72 F.3d 726, 739 (9th Cir. 1995) (citations omitted).  The purpose of prejudgment interest is to fully compensate the plaintiff for "the losses incurred as a result of [the defendant's] nonpayment of benefits."  *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001).  As the court has ruled that LINA discontinued benefits in the face of medical records that "clearly demonstrate her continued disability," (Doc. No. 31) the court finds it appropriate to award prejudgment interest.

"The interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate."  *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1164 (9th Cir. 2001). Lested requests prejudgment interest at a rate of 5%, because the rate prescribed by 28 U.S.C. § 1961 is "historically low." (Doc. No. 35).  The requested rate of 5% is a reasonable approximation of the time value of the money improperly withheld from Lested.  Therefore, the court grants Lested's motion for prejudgment interest at a rate of 5% per annum.

### C.    Costs

Lested requests costs in the amount of $350 to cover the filing fee.  Under ERISA, a court may allow costs to either party.  29 U.S.C. § 1132 (g)(1).  As Lested's requested costs are reasonable, the court grants this motion.

### IV.    CONCLUSION

The court hereby GRANTS Lested's motion for attorney's fees, prejudgment interest, and costs.  Attorney's fees are awarded in the amount of $41,580.  Prejudgment interest is awarded at a rate of 5% per annum.  Costs are awarded in the amount of $350.

**IT IS SO ORDERED.**

DATED:  April 8, 2010

Hon. Jeffrey T. Miller
United States District Judge

08cv1495